# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL ACTION NO. 1:16-CV-00404-MR-DSC

| | |
|---|---|
| **TRACEY N. DEBRUHL,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | **MEMORANDUM AND** |
| ) | **RECOMMENDATION AND ORDER** |
| **BUNCOMBE CO. SHERIFF'S DEPT. et al.,** ) | |
| ) | |
| **Defendants.** ) | |

**THIS MATTER** is before the Court on "Buncombe County's Motion to Dismiss" (document #7) filed February 8, 2017, Plaintiff's "Introduction of New Evidence. Reply to Defendants [sic] RESPONSE TO NOT RESPOND. Motion to resume case. Motion for Sheriffs Department to produce PUBLIC RECORD!" (document #11) filed March 15, 2017, and the parties' associated briefs and exhibits (documents ##7, 9-11).

This matter was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1), and these Motions are now ripe for the Court's consideration.

Having fully considered the arguments, the record, and the applicable authority, the undersigned respectfully recommends that Defendants' Motion to Dismiss be <u>granted</u> and Plaintiff's Motion be <u>denied</u>, as discussed below.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

This action arises from Plaintiff's alleged mistreatment by the Buncombe County Sheriff's Department in 2012. Defendants are Buncombe County, Buncombe County Sheriff's Office,

1

Sheriff Jack Van Duncan, Lieutenant Roney Hilliard, Lieutenant Kevin Calhoun, and Public Information Officer Natalie Bailey.

The Complaint alleges that the events giving rise to this action occurred at Plaintiff's mother's home on December 27, 2012:

> On 12/27/12 Asheville City Police operating outside of City Jurisdiction in what can only be viewed as a retaliatory act. From where Plaintiff was solely doing as trained thru Buncombe Schools & Federal Military training. To which helped the FBI convict APD officers. To which lead up to Buncombe County Sheriff Officers going to Plaintiff home. Portraying themselves being there under false pretense. Where country Officers committed Class C & Class F felonies against Plaintiff leaving him with as definded by VA Charles George & Mission Hospital guest doctor Traumatic Brain Injury &/or Post Traumatic Stress. Prior to the attack on Plaintiff he was a 10 yr honorably discharge US Marine & Wounded Warrior Project Alumni Due to service related back injury. Project Coordinator, Construction & business owner w/ Shell, Pennzoil, Quaker State, Midas, Wachovia & many other national cooperation. Since Plaintiff was attacked he has had trouble with work, communication, relations & most areas of survival. Plaintiff was honorably served & doing as trained to speak up which should be encouraged to promote Constitutional rights among the foundation to be a free nation.

Doc. 1 at 11.

As Plaintiff acknowledges in his Complaint, he made the same allegations in an earlier case filed in Buncombe County Superior Court. In the Amended Complaint filed on March 10, 2016 he alleged:

> DECEMBER 27, 2012 PLAINTIFF WAS ATTACKED AT HIS HOME AFTER PUBLICALLY SPEAKING OUT ON FACEBOOK ABOUT AN ON GOING INVESTIGATION UNBEKNOWNST TO PLAINTIFF MORE THAN THE DEGREE HE EXPERIENCED. PLAINTIFFS MOTHER WAS THE VICTIM TO A ROBBERY WHO'S CULPRIT CONFESSED & TURNED STATES EVIDENCE TO WHAT OPENED ASHEVILLE CITY EVIDENCE ROOM AUDIT. TO THE PLAINIFFS BEST UNDERSTANDING OFFICERS WERE IMPOSTERING PLAINTIFFS FRIEND ON SAID NIGHT AS PLAINTIFF WAS ARGUING PLAINTIFFS RELIGIOUS VIEWS THAT BAD THINGS DESERVE TO HAPPEN TO BAD PEOPLE. WHEN OFFICERS KNOCKED ON THE DOOR STATING PLAINTIFFS MOTHER HAD BEEN HARMED. WITH PLAINTIFF OPENING DOOR IN COMPLIANCE 4 OFFICERS IMMEDIATELY DRUG HIM TO THE GROUND WITH AN ARMBAR PROCEDURE. 2ND OFFICER GRABBING LEFT ARM TRICEPT WHILE

PINNING LOWER ARM WITH KNEE CHOKING/HOLDING PLAINTIFFS CHEEK FIRMLY TO THE GROUND. OFFICER WHO KNOCKED TAZING THE BACK WITH EXTENDED ARM TAZER DEVISE AND THE 4TH LARGEST OF THE OFFICERS KICKING THE REAR "SOFT SPOT REGION" OF PLAINTIFFS HEAD WHILE WEARING COMBAT STYLE BOOTS. OFFICER KICKING SO HARD THAT AFTER THE 4TH KICK HE LOST HIS BALANCE & FELL OF PLAINTIFFS MEAGER TRAILER PORCH. PLAINTIFF WAS PINNED THE WHOLE TIME BEING KICKED. OFFICER THAT FELL THEN PULLED PLAINTIFF OFF OF PORCH AS OTHERS CAME AROUND & JOINED "CLUBBING" STYLE HITS TO VICTIMS BACK. PLAINTIFF WAS ALREADY A WOUNDED VETERAN. THE WHOLE TIME DURING ATTACK PLAINTIFF WAS YELLING "I'm not Resisting until it became cries of Jesus get these evil people off of me"

Doc. 7-1 at 2.

Superior Court Judge Gary Gavenus granted a Rule 12(b)(6) motion to dismiss the state case on May 16, 2016. See Doc. 7-2.

Plaintiff's appeal to the North Carolina Court of Appeals was dismissed on procedural grounds by Superior Court Judge Sharon Tracey Barrett on November 29, 2016. See Doc. 7-3.

On December 22, 2016, Plaintiff filed the instant Complaint. Doc. 1. On February 8, 2017, Defendants filed their Motion to Dismiss. On March 15, 2017, Plaintiff filed his Motion. The parties' Motions are now ripe for disposition.

## II. <u>DISCUSSION</u>

In reviewing a Rule 12(b)(6) motion, "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." <u>Mylan Labs., Inc. v. Matkari</u>, 7 F.3d 1130, 1134 (4th Cir. 1993). The plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." <u>Id.</u> at 563. A complaint attacked by a Rule 12(b)(6) motion to dismiss will survive if it contains enough facts to "state a claim to

relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

In Iqbal, the Supreme Court articulated a two-step process for determining whether a complaint meets this plausibility standard. First, the court identifies allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Id. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citing Twombly, 550 U.S. at 555) (allegation that government officials adopted challenged policy "because of" its adverse effects on protected group was conclusory and not assumed to be true). Although the pleading requirements stated in "Rule 8 [of the Federal Rules of Civil Procedure] mark[] a notable and generous departure from the hyper-technical, code-pleading regime of a prior era ... it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." Id. at 678-79.

Second, to the extent there are well-pleaded factual allegations, the court should assume their truth and then determine whether they plausibly give rise to an entitlement to relief. Id. at 679. "Determining whether a complaint contains sufficient facts to state a plausible claim for relief "will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief,'" and therefore should be dismissed. Id. (quoting Fed. R. Civ. P. 8(a)(2)).

The Court is mindful of the latitude extended to the pleadings of pro se litigants. See Haines v. Kerner, 404 U.S. 519, 520 (1972) (courts should "[c]onstru[e] [a pro se] petitioner's inartful pleading liberally"). However, courts cannot act as the pro se plaintiff's advocate or develop claims which the plaintiff failed to raise clearly on the face of his complaint. Gordon v. Leeke, 574 F.2d 1147, 1152 (4th Cir. 1978) (recognizing that district courts are not expected to assume the role of advocate for the pro se plaintiff). See also Brock v. Carroll, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

Plaintiff's Complaint is barred by the Rooker-Feldman doctrine which prohibits actions attacking state court judgments in federal court. As the Fourth Circuit explained:

> Under the Rooker–Feldman doctrine, a "party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States district court." Johnson v. De Grandy, 512 U.S. 997, 1005–06, 114 S.Ct. 2647, 129 L.Ed.2d 775 (1994). We regard the doctrine as jurisdictional. See Friedman's, Inc. v. Dunlap, 290 F.3d 191, 196 (4th Cir.2002) ("Because the Rooker–Feldman doctrine is jurisdictional, we are obliged to address it before proceeding further in our analysis."); Plyler v. Moore, 129 F.3d 728, 731 (4th Cir. 1997) ("Under the Rooker–Feldman doctrine, lower federal courts do not have jurisdiction to review state-court decisions."); Jordahl v. Democratic Party of Va., 122 F.3d 192, 197 n. 5 (4th Cir. 1997) (noting that the Rooker–Feldman doctrine is a jurisdictional matter that a court is empowered to raise *sua sponte* ). The notion that Rooker–Feldman is jurisdictional "rests on two basic propositions of federal jurisdiction." Brown & Root, Inc. v. Breckenridge, 211 F.3d 194, 198 (4th Cir. 2000). One is that "Congress ... vested the authority to review state court judgments in the United States Supreme Court alone" under 28 U.S.C. § 1257(a). Id. at 198–99. The other is that "Congress has empowered the federal district courts to exercise only original jurisdiction." Id. at 199. The Rooker–Feldman doctrine, therefore, preserves a fundamental tenet in our system of federalism that, with the exception of habeas cases, appellate review of state court decisions occurs first within the state appellate system and then in the United States Supreme Court. See Plyler, 129 F.3d at 731. A litigant may not circumvent these jurisdictional mandates by instituting a federal action which, although not styled as an appeal, "amounts to

5

nothing more than an attempt to seek review of [the state court's] decision by a lower federal court." Id. at 733; see Jordahl v. Democratic Party of Va., 122 F.3d 192, 202 (4th Cir.1997) (explaining that a litigant "may not escape the jurisdictional bar of Rooker–Feldman by merely refashioning its attack on the state court judgment[ ] as a § 1983 claim"). For purposes of Rooker–Feldman, "[t]he controlling question ... is whether a party seeks the federal district court to review a state court decision and thus pass upon the merits of that state court decision." Jordahl, 122 F.3d at 202; see Brown & Root, 211 F.3d at 202 ("[T]he pivotal inquiry is whether the federal plaintiff seeks to set aside a state court judgment or whether he is, in fact, presenting an independent claim." (alterations and internal quotation marks omitted).

Am. Reliable Ins. Co. v. Stillwell, 336 F.3d 311, 316 (4th Cir. 2003). See also, District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 482 (1983); Rooker v. Fidelity Trust Company, 263 U.S. 413, 416 (1923).

Here, Plaintiff admits in his Complaint that he previously brought "a lawsuit in state or federal court that dealt with the same facts that are involved in this action." See Doc. 1 at 8. He also acknowledges that the state court action was dismissed. Accordingly, this action is barred by the Rooker-Feldman doctrine and the undersigned respectfully recommends dismissal.[1]

### III. ORDER

**IT IS HEREBY ORDERED** that all further proceedings in this action, including all discovery, are **STAYED** pending the District Judge's ruling on this Memorandum and Recommendation and Order.

### IV. RECOMMENDATION

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that Defendants Buncombe County Sheriff's Department, Sheriff Jack Van Duncan, Lt. Kevin

---

[1] Were the Court to construe the Complaint as alleging a claim under 42 U.S.C. § 1983, that claim accrued on December 27, 2012. Accordingly, it would be barred by the applicable three-year statute of limitations. See Wallace v. Kato, 549 U.S. 384, 387 (2007) (state statute of limitations for personal injury actions governs claims brought under 42 U.S.C. § 1983).

Calhoun, Lt. Roney Hilliard, and Officer Natalie Bailey's "Motion to Dismiss" (document #7) be **GRANTED** and this matter be **DISMISSED WITH PREJUDICE**. The undersigned further recommends that Plaintiff's "Introduction of New Evidence. Reply to Defendants [sic] RESPONSE TO NOT RESPOND. Motion to resume case. Motion for Sheriffs (sic) Department to produce PUBLIC RECORD!" (document #11) be **DENIED**.

### V. NOTICE OF APPEAL RIGHTS

The parties are hereby advised that, pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within fourteen (14) days after service of same. Failure to file objections to this Memorandum with the District Court constitutes a waiver of the right to de novo review by the District Judge. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); Wells v. Shriners Hosp., 109 F.3d 198, 201 (4th Cir. 1997); Snyder v. Ridenour, 889 F.2d 1363, 1365 (4th Cir. 1989). Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140, 147 (1985); Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Wells, 109 F.3d at 201; Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation and Order to the pro se Plaintiff; to defense counsel; and to the Honorable Martin Reidinger.

**SO ORDERED AND RECOMMENDED.**

Signed: March 30, 2017

David S. Cayer
United States Magistrate Judge